65955. BRASELTON et al. v. ROBINSON.

DEEN, Presiding Judge.

The sole issue in this appeal from the grant of summary judgment is whether one Thomas Pickett acted as agent for appellants when he assumed a debt to the Federal Land Bank. We find that the record contains a notarized document signed by appellants which sets forth Pickett's agency as to the property in question and is dated August 7, 1975. Pickett took title to the property in June 1974, and the deed contains the assumption of the debt to the Federal Land Bank. The agency agreement states that it is the reduction into writing of the prior existing oral agreement between Pickett and the appellants and that Pickett took title to the property in his own name individually as agent for the appellants. The trial court did not err in granting summary judgment in favor of appellee.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs specially.*

DECIDED APRIL 18, 1983 —
REHEARING DENIED JUNE 15, 1983. —

*Joseph E. Cheeley III, Robert D. Cheeley,* for appellants.
*John E. Stell, Jr., Richard B. Russell III,* for appellee.

CARLEY, Judge, concurring specially.

I agree with the judgment line. Although not articulated in the

majority opinion, the applicable legal principle requiring affirmance must be that the evidence showed without contradiction that the principal ratified the acts of the agent. See *Harris v. Underwood,* 208 Ga. 247 (4) (66 SE2d 332). Unlike *Harris* — involving a jury question as to whether ratification in fact occurred — there is no dispute in the instant case as to the existence, validity and authenticity of the written agreement which constitutes the ratification of the agent's act and, therefore, summary judgment was proper.

ON MOTION FOR REHEARING.

It is argued that Pickett signed the documents in his individual capacity. This is true, but his later written agreement with Braselton et al. indicated clearly he was acting at all times as their agent and the document was a reduction to writing of their oral agreement of agency which we cannot look behind.

*Motion denied.*